# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# ORLANDO DIVISION

| | |
|---|---|
| BETH SARVER ASHWORTH, individually and on behalf of all others similarly situated, | Case No. 6:25-cv-01470-JSS-LHP |
| | **CLASS ACTION** |
| Plaintiff, | |
| v. | |
| STOCKX, LLC, | |
| Defendant. | |

**PLAINTIFF'S RESPONSE TO DEFENDANT'S MOTION TO STAY PENDING RULING ON ITS MOTION TO COMPEL ARBITRATION**

The Court should deny Defendant StockX's motion to stay pending ruling of its motion to compel arbitration for the same reason it should deny the motion to compel arbitration—because Plaintiff Ashworth did not agree to arbitrate any claims against StockX.

As set forth in Plaintiff Ashworth's declaration [ECF 21-1], Plaintiff never agreed to arbitrate any claims with StockX, nor knowingly or voluntarily assented to any "Terms of Use" or "SMS Terms of Service" as alleged by Defendant. Plaintiff Ashworth never created an account with StockX or used its website or mobile application to buy, sell, or bid on any items.

Defendant's declarant, Alan McGrath, claims that Plaintiff created a StockX account on September 2, 2024, using my Apple credentials. However, Plaintiff has

1

never logged into, registered for, or authorized anyone to create a StockX account on her behalf. On September 2, 2024, Plaintiff did not visit or interact with the StockX website. Indeed, Plaintiff reviewed her web history records for that date which confirm that she did not visit StockX's website.

Consistent with that, Plaintiff has never seen, reviewed, or clicked on any "Terms of Use," "Privacy Policy," or "I agree" prompt relating to StockX. Nor has she provided her phone number to StockX or checked any consent box authorizing the company to send her marketing or automated text messages. As such, Plaintiff did not agree to arbitrate any claims against Defendant.

"The Federal Arbitration Act ("FAA"), 9 U.S.C. § 1 *et seq.*, governs the enforceability of an arbitration agreement. That statute commands that before compelling arbitration of a dispute, the Court must first be satisfied that the parties agreed to arbitrate the dispute. *See id.* § 4 (directing that courts must direct the parties to arbitration 'upon being satisfied that the making of the agreement for arbitration . . . is not in issue'); *see also Mitsubishi Motors Corp. v. Soler Chrysler-Plymouth, Inc.*, 473 U.S. 614, 626, 105 S. Ct. 3346, 87 L. Ed. 2d 444 (1985) ('[T]he first task of a court asked to compel arbitration of a dispute is to determine whether the parties agreed to arbitrate that dispute.'). 'Simply put, parties cannot be forced to submit to arbitration if they have not agreed to do so.' *Chamlee v. Jonesboro Nursing and Rehab. Ctr., LLC*, No. 18-CV-05899, 2019 U.S. Dist. LEXIS 199524, 2019 WL 6042273, at *1 (N.D. Ga. Aug. 14, 2019) (citation omitted).

"Section 4 of the FAA provides that '[i]f the making of the arbitration agreement or the failure, neglect, or refusal to perform the same be in issue, the court shall proceed summarily to the trial thereof.' 9 U.S.C. § 4. The Eleventh Circuit has held that "a summary judgment-like standard is appropriate' when the making of an arbitration agreement is in question and 'that a district court may conclude as a matter of law that parties did or did not enter into an arbitration agreement only if "there is no genuine dispute as to any material fact' concerning the formation of such an agreement."' *Bazemore v. Jefferson Capital Sys., LLC*, 827 F.3d 1325, 1333 (11th Cir. 2016) (quoting FED. R. CIV. P. 56(a)).

"'A [p]laintiff can raise a genuine issue of fact regarding the validity of an arbitration agreement by (1) making an unequivocal denial that there was an agreement, and (2) producing evidence to substantiate the denial.' *Hilton v. Fluent*, 297 F. Supp. 3d 1337, 1341 (S.D. Fla. 2018) (citation and internal quotations omitted). This determination is to be made solely by the Court with no thumb on the scale towards finding a valid arbitration agreement, so 'while doubts concerning the scope of an arbitration clause should be resolved in favor of arbitration, the presumption does not apply to disputes concerning whether an agreement to arbitrate has been made.' *Dasher v. RBC Bank (USA)*, 745 F.3d 1111, 1116 (11th Cir. 2014) (citation omitted).

"To the contrary, all evidence and inferences drawn from the underlying facts must be viewed in the light most favorable to the non-moving party. *See Graham v. State Farm Mut. Ins. Co.*, 193 F.3d 1274, 1282 (11th Cir. 1999). Thus, 'a district court

3

considering the making of an agreement to arbitrate should give to the party denying the agreement the benefit of all reasonable doubts and inferences that may arise.' *Magnolia Capital Advisors, Inc. v. Bear Stearns & Co.*, 272 F. App'x 782, 786 (11th Cir. 2008) (citation and internal quotations omitted). A genuine dispute of fact concerning contract formation precludes a court from deciding as a matter of law that the parties did or did not enter into an agreement to arbitrate. *See Granite Rock Co. v. Int'l Bhd. of Teamsters*, 561 U.S. 287, 296, 130 S. Ct. 2847, 177 L. Ed. 2d 567 (2010). 'An issue is genuine if the evidence is such that a reasonable jury could return a verdict for the nonmoving party.' *Allen v. Bd. of Pub. Educ. for Bibb Cty.*, 495 F.3d 1306, 1313 (11th Cir. 2007) (citation omitted)." *Lopez v. Auto Wax of S. Fla., Inc.*, No. 20-CIV-81892-RAR, 2021 U.S. Dist. LEXIS 47211, at *4-6 (S.D. Fla. Mar. 2, 2021).

Although the FAA allows parties to delegate threshold arbitrability questions to an arbitrator, "where, as here, a challenge [to an arbitration agreement] applies 'equally' to the whole contract and to an arbitration or delegation provision, a court must address that challenge." *Coinbase, Inc. v. Suski*, 144 S. Ct. 1186, 1194 (2024) ("Again, basic principles of contract and consent require that result. Arbitration and delegation agreements are simply contracts, and, normally, if a party says that a contract is invalid, the court must address that argument before deciding the merits of the contract dispute. So too here. 'If a party challenges the validity . . . of the precise agreement to arbitrate at issue, the federal court *must* consider the challenge before ordering compliance with that [arbitration] agreement.'").

4

Accordingly, because the evidence demonstrates the absence of an agreement to arbitrate between Defendant and Plaintiff Ashworth, there is no basis for the Court to compel arbitration, and Defendant's motion to compel arbitration is due to be denied, eliminating any basis for a stay.

Indeed, in light of the facial inadequacy of StockX's motion to compel arbitration, staying discovery at this stage of the proceedings risks the loss of relevant evidence regarding Plaintiff's and the class's claims without any countervailing basis. *See, e.g., Saleh v. Crunch, LLC*, 2018 U.S. Dist. LEXIS 36764, at *5 (S.D. Fla. Feb. 28, 2018) (denying a stay in a TCPA case and noting that the "fading memory of any witness" is prejudicial). In fact, if the arbitration dispute progresses to a trial a stay would preclude Plaintiff from obtaining necessary evidence from the Defendant or any third party involved in managing their website.

The Court should therefore deny StockX's motion to stay pending ruling on its motion to compel arbitration.

Dated: November 19, 2025          Respectfully submitted,

/s/ *Avi R. Kaufman*
Avi R. Kaufman (FL Bar no. 84382)
kaufman@kaufmanpa.com
Rachel E. Kaufman (FL Bar no. 87406)
rachel@kaufmanpa.com
KAUFMAN P.A.
237 South Dixie Highway, 4th Floor
Coral Gables, FL 33133
Telephone: (305) 469-5881

*Counsel for Plaintiff and the putative Class*