UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

BETH SARVER ASHWORTH,

    Plaintiff,

v.                                                    Case No: 6:25-cv-1470-JSS-LHP

STOCKX LLC,

    Defendant.
_____/

## ORDER

Defendant, StockX LLC, moves to compel arbitration and to stay discovery pending a ruling on its motion to compel arbitration. (Dkts. 20, 25, 27.) Plaintiff, Beth Sarvar Ashworth, opposes the motions. (Dkts. 21, 29.) Upon consideration, for the reasons outlined below, the court denies Defendant's motion to compel arbitration and denies as moot Defendant's motion to stay discovery.

## BACKGROUND

Plaintiff brings this putative class action individually and on behalf of all others similarly situated under the Telephone Consumer Protection Act (TCPA). (Dkt. 1.) Plaintiff alleges that she registered her personal telephone number on the national do not call registry on August 24, 2024. (*Id.* at 5.) Later, "over the course of several months from March to June[] 2025," Plaintiff purportedly "received at least fourteen text messages from Defendant." (*Id.* at 6.) Defendant operates "an online bidding

marketplace for clothing, electronics[,] and other consumer goods. (*Id.* at 5; *see id.* at 6–8; Dkt. 20 at 2–3; Dkt. 20-1 at 3.)  The parties dispute whether Plaintiff was a registered user of Defendant's services.  (Dkt. 20-1 at 3; Dkt. 21-1 at 1–2.)  Plaintiff claims that she has "never had any business relationship with Defendant" and "has never been a customer of Defendant's." (Dkt. 1 at 6.)  Plaintiff further asserts that she "did not give Defendant prior express consent or permission to deliver, or cause to be delivered, advertisement or marketing text messages" to her telephone and that she "did not request information or promotional materials from Defendant." (*Id.* at 8.)

## APPLICABLE STANDARDS

The Federal Arbitration Act (FAA), 9 U.S.C. §§ 1–16, generally governs the validity and enforcement of arbitration agreements.  *See Caley v. Gulfstream Aerospace Corp.*, 428 F.3d 1359, 1367 (11th Cir. 2005).  "The FAA's primary substantive provision provides that a written agreement to arbitrate a controversy arising out of that contract 'shall be valid, irrevocable, and enforceable, save upon such grounds as exist at law or in equity for the revocation of any contract.'" *Walthour v. Chipio Windshield Repair, LLC*, 745 F.3d 1326, 1329 (11th Cir. 2014) (quoting 9 U.S.C. § 2).  Section 4 of the FAA grants district courts the authority to compel arbitration once the court is "satisfied that the making of the agreement for arbitration or the failure to comply therewith is not [a]n issue." 9 U.S.C. § 4.  The FAA thus codifies a "strong federal preference for arbitration of disputes." *Musnick v. King Motor Co.*, 325 F.3d

1255, 1258 (11th Cir. 2003); *accord Collado v. J. & G. Transp., Inc.*, 820 F.3d 1256, 1259 (11th Cir. 2016) ("Federal policy strongly favors enforcing arbitration agreements.").

The preference of arbitrability, however, "does not apply to the determination of whether an arbitration agreement exists." *Rensel v. Centra Tech, Inc.*, No. 17-24500-CIV, 2018 WL 4410110, at *10 (S.D. Fla. June 14, 2018) (citing *Dasher v. RBC Bank (USA)*, 745 F.3d 1111, 1115–16 (11th Cir. 2014)). "Accordingly, when determining whether an arbitration agreement exists, courts generally . . . apply ordinary state-law principles that govern the formation of contracts." *Dasher*, 745 F.3d at 1116 (quotation omitted). Because arbitration "is a matter of contract[,] . . . a party cannot be required to submit to arbitration any dispute which he has not agreed so to submit." *Ivax Corp. v. B. Braun of Am., Inc.*, 286 F.3d 1309, 1315 (11th Cir. 2002) (quotation omitted). "[T]he first task of a court asked to compel arbitration . . . is to determine whether the parties agreed to arbitrate [the] dispute." *Mitsubishi Motors Corp. v. Soler Chrysler-Plymouth, Inc.*, 473 U.S. 614, 626 (1985). "To prove the existence of a contract under Florida law, the party seeking to enforce the contract must prove 'offer, acceptance, consideration[,] and sufficient specification of essential terms.'" *Schoendorf v. Toyota of Orlando*, No. 608-CV-767-ORL-19DAB, 2009 WL 1075991, at *6 (M.D. Fla. Apr. 21, 2009) (quoting *St. Joe Corp. v. McIver*, 875 So. 2d 375, 381 (Fla. 2004)). "The proponent of the contract must prove these elements by a preponderance of the evidence." *Id.* Thus, "the party seeking enforcement of an [arbitration] agreement has the burden of establishing that an enforceable agreement exists." *Sinclair v. Wireless Advocs., LLC*,

No. 20-CV-60886-RAR, 2021 WL 865458, at *7 (S.D. Fla. Mar. 1, 2021) (alteration adopted and quotation omitted).

Courts should "treat motions to compel arbitration similarly to motions for summary judgment." *Hearn v. Comcast Cable Commc'ns, LLC*, 992 F.3d 1209, 1215 n.3 (11th Cir. 2021). "[A] district court may conclude as a matter of law that parties did or did not enter into an arbitration agreement only if there is no genuine dispute as to any material fact concerning the formation of such an agreement." *Bazemore v. Jefferson Cap. Sys., LLC*, 827 F.3d 1325, 1333 (11th Cir. 2016) (quotation omitted). "The party asserting the existence of a contract has the burden of proving its existence and its terms." *Id.* at 1330 (quotation omitted). In determining whether to compel arbitration, district courts must apply the summary judgment standard of viewing the facts in "the light most favorable to the nonmoving party." *Allen v. Tyson Foods, Inc.*, 121 F.3d 642, 646 (11th Cir. 1997).

## ANALYSIS

"[B]efore referring a dispute to an arbitrator, the court determines whether a valid arbitration agreement exists." *Henry Schein, Inc. v. Archer & White Sales, Inc.*, 586 U.S. 63, 69 (2019). In determining whether a dispute is subject to arbitration, courts consider "(1) whether a valid written agreement to arbitrate exists[,] (2) whether an arbitrable issue exists[,] and (3) whether the right to arbitration was waived." *Fla. Farm Bureau Ins. Cos. v. Pulte Home Corp.*, No. 8:04-CV-2357-T-EAJ, 2005 WL 1345779, at *3 (M.D. Fla. June 6, 2005). "To raise a genuine issue concerning the validity of [an]

arbitration agreement, [the p]laintiff must (1) make an unequivocal denial that there was an agreement[] and (2) produce evidence to substantiate the denial." *Schoendorf*, 2009 WL 1075991, at *4; *accord Chastain v. Robinson-Humphrey Co.*, 957 F.2d 851, 854 (11th Cir. 1992).

Here, Defendant has presented an unsigned example of its terms of use—which include an arbitration agreement—and an affidavit from one of Defendant's employees stating that Plaintiff created an account with Defendant on September 2, 2024. (*See* Dkt. 20-1 at 2–19, 21–96.) However, Plaintiff argues that a valid written agreement to arbitrate does not exist. (*See* Dkt. 21.) In an affidavit, Plaintiff states that she "never created an account with" Defendant, that she has "never logged into, registered for, or authorized anyone to create" such an account on her behalf, and that she did not visit or interact with Defendant's website on September 2, 2024. (Dkt. 21-1 at 1–2.) These statements raise a genuine issue concerning the validity of the arbitration agreement.[1] *See Louissaint v. Bldg. Serv. Teks LLC*, No. 14-CV-61356-UU, 2014 WL 12605555, at *1 (S.D. Fla. Aug. 4, 2014) (denying the defendant's motion to compel arbitration when the plaintiff made sworn statements that she had "never consented to arbitration" and that her signature had been forged).

---

[1] Defendant challenges Plaintiff's sworn statements as self-serving. (*See* Dkt. 27 at 5–8.) However, courts routinely conclude that a plaintiff's sworn statements are sufficient to create a genuine issue of material fact. *See Compere v. Nusret Mia., LLC*, 396 F. Supp. 3d 1194, 1201 (S.D. Fla. 2019) (considering the plaintiff's sworn statements that she never signed an agreement to arbitrate claims and concluding that the defendants did not meet their burden to demonstrate that such an agreement existed); *Schoendorf*, 2009 WL 1075991, at *4–6 (determining that the plaintiff's sworn statements were sufficient to meet "her threshold burden to raise a genuine issue that there was no valid agreement to arbitrate").

"Given the evidence presented, the [c]ourt finds that a genuine issue of material fact exists as to the whether the parties entered into an arbitration agreement." *See Mitchell v. Precision Motor Cars Inc.*, No. 8:17-CV-376-T-24AAS, 2017 WL 1361528, at *3 (M.D. Fla. Apr. 14, 2017) (explaining that the court could not conclude that the parties entered into an arbitration agreement where the plaintiff's sworn statement "unequivocally denie[d] that she" signed the contract containing the asserted arbitration agreement); *see also Cont'l Cas. Co. v. Staffing Concepts, Inc.*, No. 8:09-CV-02036-T-23, 2011 WL 7459781, at *8 (M.D. Fla. Dec. 20, 2011) (determining that the plaintiff raised a question as to whether the contract existed which merited judicial resolution before the dispute could be sent to arbitration), *report and recommendation adopted by* 2012 WL 715652, at *2 (M.D. Fla. Mar. 5, 2012). Instead, because Plaintiff unequivocally denies that there was an agreement and provides evidence to substantiate the denial in the form of her own sworn statements, "the issue of whether a valid arbitration agreement exists is an issue of fact requiring assessment of witness credibility." *Robson v. D.R. Horton, Inc.*, No. 6:21-CV-719-GAP-LRH, 2021 WL 3914474, at *11 (M.D. Fla. Aug. 12, 2021) (explaining that a dispute of fact existed where the plaintiff "relie[d] solely on her own testimony[ and] vehemently den[ied] ever being presented with a mutual arbitration agreement or signing such an agreement"), *report and recommendation adopted by* 2021 WL 3912239, at *1 (M.D. Fla. Sept. 1, 2021); *Schoendorf*, 2009 WL 1075991, at *4 (concluding that the plaintiff met her threshold burden to raise a genuine issue that there was no valid agreement to

arbitrate because she stated unequivocally that she did not sign the agreement and she provided evidentiary support for her claim in the form of sworn statements).

Defendant argues that Plaintiff's statement that she never created an account with Defendant does not negate her agreement to arbitrate, citing several inapposite cases. (Dkt. 27 at 5–8.) For the most part, the cases that Defendant cites do not address whether the contract existed but whether the plaintiff opted out of the arbitration agreement. (*Id.*) *See, e.g.*, *Owings v. T-Mobile USA, Inc.*, 978 F. Supp. 2d 1215, 1221 (M.D. Fla. 2013) (stating that the plaintiff did "not dispute that he signed the [s]ervice [a]greement"); *Ferrara v. Luxottica Retail N. Am. Inc.*, No. 8:17-CV-2914-T-33AEP, 2018 WL 573430, at *2–3 (M.D. Fla. Jan. 26, 2018) (explaining that the plaintiff failed to opt out of an arbitration agreement with her employer); *Corbin v. Affiliated Comput. Servs., Inc.*, No. 6:13-CV-180-ORL-36, 2013 WL 3804862, at *6 (M.D. Fla. July 19, 2013) (noting that the plaintiff's denial that he agreed to arbitrate disputes with his employer was insufficient where he did not deny that he received and opened the email changing the terms of the contract); *Sultanem v. Bright House Networks, L.L.C.*, No. 8:12-CV-1739-T-24, 2012 WL 4711963, at *2 (M.D. Fla. Oct. 3, 2012) (deeming insufficient the plaintiff's attempt to opt out of an arbitration agreement that he undisputedly signed). Here, however, Plaintiff denies creating an account with Defendant, entering a contract with Defendant, or agreeing to arbitrate any claims with Defendant. (*See* Dkt. 21-1.) *See Steve Owren, Inc. v. Connolly*, 877 So. 2d 918, 919 (Fla. Dist. Ct. App. 2004) (affirming the denial of a motion to compel arbitration where the plaintiff denied signing the agreement).

In sum, Plaintiff denies creating an account and signing any agreement to arbitrate claims with Defendant, and if "there is no valid contract under Florida law," Plaintiff cannot be compelled to participate in binding arbitration. *See Ragland v. IEC US Holdings, Inc.*, No. 6:22-CV-995-WWB-LHP, 2023 WL 4749546, at *10 (M.D. Fla. Feb. 21, 2023), *report and recommendation adopted by* 2023 WL 4749363, at *2 (M.D. Fla. July 10, 2023), *aff'd*, No. 23-12389, 2024 WL 340849 (11th Cir. Jan. 30, 2024). Plaintiff's sworn statements create "a genuine dispute of material fact regarding whether Plaintiff" created an account and thus signed an agreement to arbitrate claims with Defendant. *See Bell v. Macy's Corp Servs.*, No. 20-CV-60338, 2020 WL 7016865 (S.D. Fla. July 24, 2020), *report and recommendation adopted by* 2020 WL 6054078, at *7 (S.D. Fla. Oct. 13, 2020); *see also Schoendorf*, 2009 WL 1075991, at *10–11 (denying a motion to compel arbitration where the plaintiff denied signing the agreement). Thus, Defendant "fail[s] to carry [its] burden of proving the existence of an agreement to arbitrate." *See Etienne v. All Seasons in Naples, LLC*, No. 2:22-CV-64-JES-MRM, 2022 WL 2802697, at *3 (M.D. Fla. July 18, 2022); *see also Gagnon v. Experian Info. Sols., Inc.*, No. 8:14-CV-1817-T-30TBM, 2014 WL 5336490, at *3 (M.D. Fla. Oct. 20, 2014) (denying a motion to compel arbitration because the defendant did not sufficiently prove the existence of an arbitration agreement signed by the plaintiff).

## CONCLUSION

Accordingly:

1. Defendant's motion to compel arbitration (Dkt. 20) is **DENIED**.

- 9 -

2. Defendant's motion to stay discovery (Dkt. 25) is **DENIED as moot**.

**ORDERED** in Orlando, Florida, on December 31, 2025.

                                    JULIE S. SNEED
                                    UNITED STATES DISTRICT JUDGE

Copies furnished to:
Counsel of Record